FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 20  AM IO: 53

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 00-170 |
| v. | * | SECTION: "N" |
| KEITH TOBIAS | * | |
| | * * * | |

### <u>RULE TO REVOKE SUPERVISED RELEASE</u>

NOW INTO COURT comes the United States of America, through undersigned Assistant United States Attorney, and respectfully represents:

Defendant, **KEITH TOBIAS**, pled guilty in this matter on November 1, 2000, for a violation of Title 21, United States Code, Section 846. **TOBIAS** received a forty-six (46) month sentence along with three (3) years supervised release. (A copy of the Judgment and Probation/Commitment Order is attached as Exhibit 1.)

The terms and conditions of **TOBIAS'** supervised release is set forth in the Judgment as well as in the Petition for Warrant or Summons for Offender Under Supervision filed on July 7, 2005. (Attached as Exhibit 2.)

**TOBIAS** violated the terms and conditions of his supervised release in the manner set forth in Exhibits 1 and 2.

____ Fee____ _____
____ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

**WHEREFORE,** the government prays that **TOBIAS** be brought before this Court and a copy of this Rule be served upon him, and that he be ordered to show cause before this Court why supervised release should not be revoked for his failure to abide by the terms of said supervised release.

Respectfully submitted,
JIM LETTEN
UNITED STATES ATTORNEY

_____
DUANE A. EVANS
Assistant United States Attorney
La. Bar Roll No. 24086
Hale Boggs Federal Building
500 Poydras Street, Second Floor
New Orleans, Louisiana 70130
Tel: (504) 680-3069

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the Federal Public Defender's Office, counsel for defendant, by hand delivery, this 20th day of July, 2005.

_____
Assistant United States Attorney

- 2 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB -8 PM 4: 21

LORETTA G. WHYTE
CLERK

UNITED STATES OF AMERICA

vs    KEITH TOBIAS    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    CRIMINAL ACTION
00-170-N
00-170-N

1223 St. Mary, Apt E,N.O.,LA 70130    (SOCIAL SECURITY NO.)    (CASE NO.)(SECTION)

_____
                JUDGMENT AND PROBATION/COMMITMENT ORDER
_____

In the presence of the attorney for the government,                Month    Day    Year
the defendant appeared in person on this date ------------(    FEBRUARY 7, 2001    )

__ WITHOUT COUNSEL    However the court advised defendant of right to counsel and asked
whether defendant desired to have counsel appointed by the court and the
defendant thereupon waived assistance of counsel.

 X  WITH COUNSEL    Michael Escudier, Esq
                        (Name of Counsel)

Court Recorder: D. Malouse    Probation Officer: Robyn Gulledge
PLEA: _x_ GUILTY, and the court being satisfied __NOLO CONTENDERE__NOT GUILTY
            that there is a factual basis for the plea.

There being a finding of    (__NOT GUILTY. Defendant is discharged.

                            (_x_ GUILTY as to Count 1 of the Superseding Bill of Information on November 1,
                            2000

Defendant has been convicted as charged of the offense(s) of 21:846, Violation of the Federal Controlled Substances Act as charged in the
Superseding Bill of Information

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court adjudged the defendant guilty as charged and convicted
and ordered that: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 46
months, as to Count 1 of the Superseding Bill of Information. Upon release from imprisonment, the defendant shall be placed on supervised
release for a term of three years, as to Count 1 of the Superseding Bill of Information. Within 72 hours of release from the custody of the Bureau
of Prisons, the defendant shall report in person to the probation office in the district in which the defendant is released. While on supervised
release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this court, and shall not possess a
firearm. In addition to the standard conditions of supervision, the defendant shall comply with the following special conditions: 1) The defendant
shall provide the probation officer with access to any requested financial information. 2) The defendant shall participate in an orientation and life
skills program as directed by the probation officer. 3) The defendant shall participate in a program of testing and/or treatment for drug abuse,
as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall
contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer. 4) The defendant shall
participate in a program of testing and/or treatment for alcohol abuse, as directed by the probation officer, until such time as the defendant is
released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant
is deemed capable by the probation officer. 5) The defendant shall obtain a GED. The Court finds that the defendant does not have the ability
to pay a fine. The Court will waive the fine in this case. Pursuant to 21 U.S.C. § 862, IT IS ORDERED that the defendant is ineligible for any
or all federal benefits for a period of five years.
On Motion of the Government, IT IS ORDERED that the original indictment be and is hereby DISMISSED.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $100.00 as to Count 1 of the Superseding
Bill of Information.
IT IS FURTHER ORDERED that the defendant notify the United States Attorney for this District within 30 days of any change of residence or
mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. In addition to the special
conditions of supervision imposed above, IT IS HEREBY ORDERED that the general conditions of probation/supervised release set out on the
reverse side be imposed.

SIGNED BY:
_x_ U.S. District Judge
___ U.S. Magistrate

(Date) _2 . 8 . 0 1_

GOVERNMENT
EXHIBIT
1

CERTIFIED AS A TRUE COPY
ON THIS DATE 2-8-01

BY: _____
        Deputy Clerk

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc.No.____

Prob12C (7/93)

# UNITED STATES DISTRICT COURT
### for the
## Eastern District of Louisiana



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7   PM 4: 18

LORETTA G. WHYTE
CLERK

## PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

**Name of Offender : KEITH TOBIAS**          Case Number : 053L 2:00CR00170-001

**Name of Sentencing Judicial Officer  :**  Honorable Edith Brown Clement

*This case has been realloted to the Honorable Kurt D. Engelhardt

**Offense :**  21 U.S.C. 846 - Violation of the Federal Controlled Substances Act

**Date of Sentence :**  February 07, 2001

**Sentence :**  46 months custody of the Bureau of Prisons, to be followed by three years of supervised release.

**Special Conditions :**

1. Financial disclosure
2. Orientation and life skills
3. Drug treatment
4. Alcohol treatment
5. Complete GED

**Type of Supervision :**      Supervised Release      **Date Supervision Commenced :** October 17, 2003

**Assistant U .S. Attorney :**   Tania Tetlow          **Defense Attorney :** Michael F. Escudier

---

### PETITIONING THE COURT

[ X ] To issue a warrant                              [  ] To issue a summons

For the arrest of Keith Tobias for alleged violations of Supervised Release , and that he be brought before this court to answer a Rule to Show Cause Why Supervised Release Should Not Be Revoked.

---

The probation officer believes that the offender has violated the following condition (s) of supervision:

| Violation Number | Nature of Non -Compliance |
|---|---|
| Mandatory Condition | Keith Tobias submitted a urine specimen to personnel of the U.S. Probation Office on May 9, 2005, which tested positive for morphine (heroin) and cocaine. Tobias admitted to using heroin. However, he stated the cocaine positive was more that likely a result of the heroin he used being cut with cocaine. |
|  | Keith Tobias submitted urine specimens to personnel of the Methodist Counseling Center on March 31, 2005, April 14, 2005, May 12, 25, 28, 2004, and June 3, 2004, which tested positive for morphine (herion). Tobias has admitted to this drug usage. |
|  | On February 21, 2004, Keith Tobias was arrested by personnel of the New Orleans Police Department and charged with operating a vehicle while intoxicated and careless driving. On that same date, Tobias posted a $500.00 bond and was released from custody.  On March 31, 2004, Tobias pled guilty to driving while intoxicated (1st |



Fee
Process
X  Dktd
CtRmDep
Doc. No.

GOVERNMENT
EXHIBIT
2

offense). He was sentenced to 72 hours community service work, participation in a driving program and attendance in a victim impact panel meeting under New Orleans Municipal Court number S-1890945.

On January 2, 2004, Tobias was arrested by personnel of the New Orleans Police Department and charged with being drunk while in public. Later on that same date, he posted a $250.00 bond and was released from custody. On April 14, 2004, the New Orleans City Attorney dismissed this charge.

**Standard Condition Nos. 2 & 11:**   Tobias failed to notify this officer within 72 hours of being arrested or questioned by a law enforcement officer. This officer only learned of his arrest after receiving an FBI rap sheet on March 12, 2004, which reflected Tobias' new arrest. He failed to contact this officer by telephone and also failed to report this arrest on his monthly supervision report for the month of February.

**Special Condition No. 3:**   On June 6, 2005, Keith Tobias was placed in the Odyssey House Residential Drug Treatment Program. On June 12, 2005, Tobias left this program without the permission of the probation officer.

**CUSTODIAL STATUS : NONE**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 30, 2005

Brian P. Bond
Senior U.S. Probation Officer

REVIEWED BY:

Stephanie H. Williams
Supervising U. S. Probation Officer

**THE COURT ORDERS**

[ ] No Action
[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

Date   July 7, 2005

**CLERK'S OFFICE**
**A TRUE COPY**

JUL 8 2005

Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

Address of Offender:   1223 St. Mary Street Apartment E
New Orleans, LA 70130

THE CLERK IS DIRECTED TO DISTRIBUTE COPIES TO THE FOLLOWING ONLY:
Original   -  Clerk's Office
1 Copy Certified   -  U.S. Attorney
1 Copy Certified   -  U.S. Marshal's Office
2 Copies Certified  -  U.S. Probation Office

**NOTICE TO THE AUSA:** ⟨_NOT PREPARE THE RULE UNTIL AFTER T⟩_OFFENDER APPEARS FOR THE INITIAL APPEARANCE HEARING

