

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 00-170 |
| KEITH TOBIAS | SECTION "N" |

### JUDGMENT REVOKING SUPERVISED RELEASE

THE DEFENDANT, KEITH TOBIAS, CAME AND APPEARED BEFORE THIS COURT WITH COUNSEL ON AUGUST 3, 2005, FOR A HEARING ON THE GOVERNMENT'S RULE TO REVOKE SUPERVISED RELEASE. AFTER THE DEFENDANT ENTERED A GUILTY PLEA TO A VIOLATION OF THE FEDERAL CONTROLLED SUBSTANCES ACT, THE HONORABLE EDITH BROWN CLEMENT, ON FEBRUARY 7, 2001, SENTENCED HIM TO FORTY-SIX MONTHS IMPRISONMENT, FOLLOWED BY A THREE-YEAR TERM OF SUPERVISED RELEASE UPON HIS RELEASE FROM CONFINEMENT. FOR THE DURATION OF HIS SUPERVISED RELEASE, THE DEFENDANT WAS ORDERED TO COMPLY WITH THE MANDATORY AND STANDARD GENERAL CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT, AND PROHIBITED HIM FROM POSSESSING A FIREARM. IN ADDITION, THE FOLLOWING SPECIAL CONDITIONS WERE IMPOSED: (1) PARTICIPATION IN AN ORIENTATION AND LIFE SKILLS PROGRAM; (2) THAT THE DEFENDANT PROVIDE THE PROBATION OFFICER WITH ACCESS TO ANY REQUESTED



FINANCIAL INFORMATION; (3) PARTICIPATION IN A DRUG TESTING AND/OR TREATMENT PROGRAM AS DIRECTED BY THE PROBATION OFFICER; (4) PARTICIPATION IN AN ALCOHOL TESTING AND/OR TREATMENT PROGRAM AS DIRECTED BY THE PROBATION OFFICER; AND (5) COMPLETION OF A GENERAL EQUIVALENCY DIPLOMA (GED) PROGRAM. MR. TOBIAS'S TERM OF SUPERVISED RELEASE COMMENCED ON OCTOBER 17, 2003.

THE COURT FINDS THAT THE DEFENDANT, KEITH TOBIAS, HAS VIOLATED THE TERMS AND CONDITIONS OF HIS SUPERVISED RELEASE BY: (1) COMMITTING THE OFFENSE OF DRIVING WHILE INTOXICATED AS EVIDENCED BY HIS MARCH 31, 2004 GUILTY PLEA; (2) FAILING TO NOTIFY HIS PROBATION OFFICER WITHIN 72 HOURS OF BEING ARRESTED ON JANUARY 2, 2004, FOR PUBLIC DRUNKENNESS BY FAILING TO INCLUDE THE JANUARY 2, 2004 ARREST IN HIS FEBRUARY 2004 MONTHLY SUPERVISION REPORT; (3) TESTING POSITIVE FOR MORPHINE OR HEROIN ON MAY 12, 25, 28, AND JUNE 3, 2004, AND KNOWINGLY AND VOLUNTARILY USING AND POSSESSING HEROIN ON OR ABOUT THESE DATES; (4) TESTING POSITIVE FOR MORPHINE OR HEROIN ON MARCH 31, 2005, AND APRIL 14, 2005, AND KNOWINGLY AND VOLUNTARILY USING AND POSSESSING HEROIN ON OR ABOUT THESE DATES; (5) TESTING POSITIVE FOR MORPHINE OR HEROIN ON MAY 9, 2005, AND KNOWINGLY AND VOLUNTARILY USING AND POSSESSING HEROIN ON OR ABOUT THAT DATE; (6) DISCONTINUING THE ODYSSEY HOUSE PROGRAM WITHOUT THE PERMISSION OF THE PROBATION OFFICER ON JUNE 12, 2005, AND NOT

ADVISING THE PROBATION OFFICER OF HIS WHEREABOUTS UNTIL JUNE 29, 2005, WHEN HIS MOTHER CONVINCED HIM TO CALL THE PROBATION OFFICE.

HAVING CONSIDERED THE RELEVANT STATUTES AND CASE LAW, AS WELL AS THE ADVISORY PROVISIONS OF THE UNITED STATES SENTENCING GUIDELINES, AND THE CHAPTER 7 POLICY STATEMENTS OF THE UNITED STATES SENTENCING COMMISSION, THE COURT FINDS REVOCATION AND IMPRISONMENT TO BE APPROPRIATE UNDER THE DISCRETIONARY AUTHORIZATION PROVIDED BY 18 U.S.C. §3583(E)(3). PURSUANT TO THE CHAPTER 7 POLICY STATEMENTS, THE APPLICABLE RANGE OF PRISON TIME DEPENDS ON THE DEFENDANT'S CRIMINAL HISTORY CATEGORY AND THE GRADE OF THE SUPERVISED RELEASE VIOLATION. ACCORDING TO POLICY STATEMENT §7B1.1(B), WHEN THERE IS MORE THAN ONE VIOLATION OF THE CONDITIONS OF SUPERVISION, THE GRADE OF THE SUPERVISED RELEASE VIOLATION IS DETERMINED BY THE VIOLATION HAVING THE MOST SERIOUS GRADE. HERE, THE DEFENDANT'S CRIMINAL HISTORY CATEGORY IS A "IV" AND THE SUPERVISED RELEASE VIOLATION IS A "GRADE C" VIOLATION. USING A "GRADE C" VIOLATION AND A CRIMINAL HISTORY CATEGORY OF "IV", THE COURT FINDS THAT THE APPLICABLE RANGE OF IMPRISONMENT IS 6-12 MONTHS.

PURSUANT TO THE SENTENCING REFORM ACT OF 1984, AS AMENDED AND AS MODIFIED BY THE RECENT U.S. SUPREME COURT DECISION IN *UNITED STATES v. BOOKER* AND *UNITED STATES v. FANFAN*, 125 S. CT. 738 (2005), IT IS THE JUDGMENT OF THIS COURT THAT THE DEFENDANT'S TERM OF SUPERVISED

RELEASE IMPOSED ON FEBRUARY 7, 2001, IS REVOKED, AND THAT THE DEFENDANT, KEITH TOBIAS, IS COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS FOR A PERIOD OF TWELVE (12) MONTHS.

THE COURT HAS CHOSEN THE MAXIMUM TERM OF IMPRISONMENT PROVIDED BY THI RANGE (1) BECAUSE THE CONVICTION FROM WHICH THE DEFENDANT'S SENTENCE OF SUPERVISED RELEASE RESULTED IS A DRUG OFFENSE; (2) BECAUSE THE DEFENDANT HAS CONTINUED TO USE ILLEGAL DRUGS DESPITE BEING OFFERED THE OPPORTUNITY TO PARTICIPATE IN, AND BENEFIT FROM, MULTIPLE DRUG TREATMENT PROGRAMS; (3) BECAUSE THE DEFENDANT HAS ENGAGED IN CONDUCT PLACING BOTH HIMSELF AND OTHERS IN DANGER; (4) BECAUSE THE DEFENDANT HAS NOT FULLY COOPERATED WITH HIS PROBATION OFFICER; AND (5) TO ALLOW THE DEFENDANT FURTHER OPPORTUNITY TO BENEFIT FROM DRUG TREATMENT PROGRAMS, AND POSSIBLY EDUCATIONAL AND/OR VOCATIONAL TRAINING, OFFERED THROUGH THE BUREAU OF PRISONS.

UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT WILL NOT BE PLACED ON SUPERVISED RELEASE.

THE COURT RECOMMENDS TO THE BUREAU OF PRISONS THAT, IF POSSIBLE, THE DEFENDANT BE ASSIGNED TO A FACILITY WHERE HE CAN RECEIVE TREATMENT FOR DRUG ABUSE AND, OF SECONDARY IMPORTANCE, PARTICIPATE IN EDUCATIONAL AND/OR VOCATIONAL PROGRAMS.

**IT IS FURTHER ORDERED** THAT KEITH TOBIAS IS REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

NEW ORLEANS, LOUISIANA, THIS __3rd__ DAY OF AUGUST 2005.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

Received at FCI Texarkana, Texas 10-20-05

5

CLERK'S OFFICE
A TRUE COPY
AUG 2005
Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA